# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

SHELLEY EDWARDS

Plaintiff,

v.

MEDICAL CENTER OF AURORA,

Defendant,

_____

# COMPLAINT AND JURY DEMAND

_____

Plaintiff Shelley Edwards ("Edwards" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Medical Center of Aurora ("MCOA" or "Defendant") and states as follows:

## NATURE OF ACTION

Plaintiff brings this action for damages as a result of Defendant's discrimination against her on the basis of her disability, and/or her perceived disability, and as a result of its retaliation against her in violation of the American's with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990) ("ADA"). See also *Harley v. Potter*, 416 F. App'x 748, 757 (10th Cir. 2011).

## I. PARTIES

1.  Plaintiff Shelley Edwards ("Edwards") is an individual citizen and resident of Colorado. All the events and transaction upon which this suit is based occurred in the State of Colorado.

2. Defendant Medical Center of Aurora ("MCOA" or "Defendant") is a Colorado company doing business in the state of Colorado. MCOA is a private Employer with over fifteen (15) employees.

3. Jurisdiction is asserted pursuant to the ADA 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990), Defendant is an employer as defined by C.R.S. § 24-34-401(3) and Sec. 2000e(b) with a principal office located at 1501 S Potomac St, Aurora, CO 80012.

## ADMINISTRATIVE HISTORY

4. Plaintiff has timely and properly exhausted her administrative remedies by filing an initial Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 541-2016-02220, on or about July 27, 2016, based upon grounds of disability discrimination.

5. Plaintiff provided information to the EEOC alleging continued acts of discrimination against her, including repeated discriminatory comments and harassment by her supervisors and was ultimately terminated.

6. Plaintiff received a Probable Cause determination on January 17, 2020. The Commission stated, "I find there is reasonable cause to believe [Defendant] violated the ADA in that the [Defendant] denied Charging Party a reasonable accommodation, subjected her to unequal terms and conditions of employment, and discharged her based on her disability and record of a disability and in retaliation for having requested a reasonable accommodation."

7. This lawsuit is timely filed within 90 days after Plaintiff's receipt of a Notice of Right to Sue from the EEOC dated February 28, 2020.

## FACTUAL ALLEGATIONS

8. Ms. Edwards incorporates by reference her prior allegations.

9. Ms. Edwards was hired by Defendant on or about November 13, 2000, as a Registered Nurse.

10. In or about 2006, Ms. Edwards was promoted to House Supervisor.

11. Ms. Edwards performed her duties in a satisfactorily manner and never received any disciplinary action.

12. In or around about July 2015, Ms. Edwards was diagnosed with a qualifying debilitating medical condition, that of Leukemia. Her diagnosis is a disability as defined under the ADA. Defendant was aware of the diagnosis for at least a one year prior to Ms. Edwards termination.

13. On or about December 14, 2015, Ms. Edwards was released back to work without any restrictions, nor did she ask for any additional restrictions.

14. Defendant's policy states Ms. Edwards should be reinstated at this time. Defendant, however, forced Ms. Edwards to undergo a "Fit for Duty" (functional capacity) examination before being allowed back to work. This test is usually used for workers compensation injuries.

15. Defendant's Human Resources Supervisor was aware of the "fit for duty" requirements that were being placed on Ms. Edwards.

16. The fit for duty required a physical evaluation of Ms. Edwards which included an aerobic portion. Ms. Edwards was unable to pass this test because of her airway restrictions resulting from a surgery in 2009. Sara Clemmons, Supervisor, was aware of Ms. Edwards previous condition in 2013 or 2014. Ms. Edwards asked for reasonable accommodations for this test and was outright denied.

17.     Ms. Edwards requested reasonable accommodations from Eric Artis ("Artis") VP of Human Resources, and Lisa from HR on the aerobic portion of the test. Artis stated he would inquire into how to make changes to the test.

18.     When Ms. Edwards returned a second time to take the test, she was told it was a "standardized test" and they could not, and would not, make any changes to it. Ms. Edwards was forced to take the test again without any reasonable accommodations. She failed again.

19.      In January 2016, Ms. Edwards notified Defendant of another medical procedure she would have to undergo, that of a bone marrow transplant in April 2016.

20.     On or about January 22, 2016, Ms. Edwards was notified that her position was posted.

21.     Defendant refused to allow Ms. Edwards to return back to her previous position.

22.     Ms. Edwards was offered a position in the Employee Health Department which she worked until April 6, 2016, when she became ill again.

23.      Ms. Edwards underwent the medical procedure on April 29, 2016.

24.     On or about May 6, 2016, Ms. Edwards received a call from the Human Resources Department notifying her that her employment had been terminated.

## FIRST CLAIM FOR RELIEF
### (Disability Discrimination-ADAAA)

25.     The preceding allegations are incorporated by reference as if fully stated herein.

26.     Defendant is an employer as that term is defined under the ADA and the ADAAA.

27.     Ms. Edwards has a qualifying disability under the ADA.

28.     Defendant was aware that Ms. Edwards suffered from a qualifying disability.

29.     Defendant knowingly and willfully subjected Ms. Edwards to disability discrimination.

30. Defendant knew its actions violated the ADA or the ADAAA or it was recklessly indifferent in that regard.

31. As a direct and proximate result of the foregoing actions of Defendant, Ms. Edwards suffered and will continue to suffer, damages including but not limited to loss of front pay and back wages, earnings, benefits, insurance premiums, health care costs, diminution of future earning capacity, non-economic damages such as, but not limited to, mental anguish, inconvenience, attorney fees, costs and expenses, and other damages to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Disability Discrimination-ADA § 12112)

32. The preceding allegations are incorporated by reference as if fully stated herein.

33. Defendant is an employer as that term is defined under the ADA.

34. Defendant perceived Ms. Edwards as having a qualifying disability.

35. Defendant believed that because Ms. Edwards had shortness of breath and unable to complete the aerobic portion of a forced fitness for duty exam that that she was unable to perform the essential functions of her job.

36. Defendant willfully and intentionally subjected Ms. Edwards to disability discrimination.

37. Defendant knew its action violated the ADA or was recklessly indifferent in that regard.

38. Defendant failed to provide a temporary accommodation for Ms. Edwards because of her perceived disability.

39. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Edwards has suffered, and will continue to suffer, damages including but not limited to loss of front and back wages, earnings, benefits, insurance premiums, health care costs, diminution of

future earning capacity, non-economic damages such as, but not limited to, mental anguish, inconvenience, attorney fees, costs and expenses, and other damages to be determined at trial. Ms. Edwards claims compensatory damages for all losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C §1981a.

### THIRD CLAIM FROM RELIEF
### (Retaliation-ADA § 12203)

40. The preceding allegations are incorporated by reference as it fully stated herein.

41. Defendant's conduct in subjecting Plaintiff to the above-described adverse employment actions are in violation of the ADA § 12112.

42. The effect of these statutory violations was to deprive Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by the ADEA, ADA and/or ADAAA.

43. The statutory violations were intentional.

44. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Plaintiff's federally protected rights.

45. As a result of the actions of Defendant, Plaintiff suffered damages.

### FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

46. The preceding allegations are incorporated by reference as it fully stated herein.

47. Defendant entered into an Agreement with Ms. Edwards for her employment.

48. Defendant has a series of policies and procedures mandated for its employees.

49. Defendant has an Employee Handbook and failed to perform according to the Handbook

50. Defendant failed to act in good faith with Ms. Edwards by failing to perform under the Employee Handbook and/or policies and procedures.

51. Ms. Edwards has incurred damages, and will incur further damages, as the result of Defendant's breach of the Agreement.

WHEREFORE, Shelley Edwards respectfully requests that this Court enter judgment in her favor and against Defendant, and award her damages for back pay, front pay, benefits, pre-judgment interest, liquidated damages, costs, expert fees, attorney's fees, and such other and further relief as this Court deems proper.

## **PLAINTIFF REQUESTS TRIAL BY JURY**

DATED this 22nd day of May 2020.

Respectfully submitted,

*/s/ Sara A. Green*
Sara A. Green, Esq.
BACHUS & SCHANKER, LLC
101 W. Colfax Ave, Suite 650
Denver, Colorado 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
Sara.green@coloradolaw.net